UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Keith THOMAS, | Case No.: 25-cv-2407-AGS-KSC |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| Johne DOE, | |
| Defendant. | |

Plaintiff Keith Thomas, proceeding without an attorney, is suing defendant John Doe, an unknown Social Security Administration supervisor, arising from an overpayment notice of Supplemental Security Income. He also requests to proceed *in forma pauperis*, that is, without paying the court's filing fees. As explained below, his IFP application is granted. But his complaint does not survive mandatory screening, so it will be dismissed with leave to amend.

## DISCUSSION

**A.   IFP Application**

Parties instituting civil actions in United States district courts must pay $405 in filing fees. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But plaintiffs granted the right to proceed IFP need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Thomas's application states that he has "$1,300" in checking, no other assets, and no income. (ECF 2, at 1–2.) Although the form he used—the standard form for the Central District of California rather than this District's preferred form—does not list his debts or expenses, his complaint makes it clear the government claims he owes at least "18,509.34" in SSI overpayments. (*See* ECF 1, at 15.) Regardless, paying the filing fee would result in an undue hardship on plaintiff, and as "a party need not be completely destitute to proceed

IFP," the motion is granted. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

## B.     Screening and Dismissal

The IFP statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

This Court may not hear Thomas's claims, at least not yet. This Court may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see also Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (noting that "§ 405(g) sets the terms of judicial review" for Supplemental Security Income challenges also (citing 42 U.S.C. § 1383(c)(3))). And under current regulations, "claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith*, 587 U.S. at 475–76. "First, the claimant must seek an initial determination as to his eligibility." *Id.* at 476. This step is where Thomas seems to have stopped; he has attached to his complaint the administration's June 20, 2025 initial overpayment notice. (*See* ECF 1, at 13–19); *see also* 20 C.F.R. § 416.1402(c) (including "overpayment of benefits" as subject to an "initial determination" notice that are "subject to administrative" and eventually "judicial review").

But that's only the start of the required pre-court process, not the end. "Second, the claimant must seek reconsideration of the initial determination." *Smith*, 587 U.S. at 476. "Third, the claimant must request a hearing, which is conducted by an ALJ [administrative law judge]." *Id.* "Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Id.* Once "a claimant has proceeded through all four steps," "§ 405(g) entitles him to judicial review in federal district court." *Id.*

Since there is no indication that Thomas completed those steps—and, as the initial

determination was just a few months ago, it seems impossible for him to have done so—the Court cannot hear his case. *See id.* at 475 (holding that "review" of Social Security determinations is "available" "only under the terms of § 405(g)"). Since Thomas does not state a claim for relief this Court can grant, his complaint must be dismissed.

The only remaining issue is whether Thomas should be granted leave to amend. A "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up). Although this Court seriously doubts that Thomas has already proceeded through the Social Security Administration's administrative process—or that he has some legal basis to be excused from doing so—these possibilities are not clearly foreclosed. Thus, Thomas may amend his complaint to address the deficiencies discussed above.

## CONCLUSION

The Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2. Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff is granted leave to amend.

3. By **November 17, 2025**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

Dated: September 17, 2025

Andrew G. Schopler
United States District Judge