UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith THOMAS,<br><br>                    Plaintiff,<br><br>v.<br><br>John DOE,<br><br>                    Defendant. | Case No.: 25-cv-2407-AGS-KSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING MOTION TO RECONSIDER (ECF 5)** |

The Court must screen plaintiff Keith Thomas's amended complaint against an unknown Social Security Administration supervisor, arising from an alleged Supplemental Security Income overpayment notice. (*See* ECF 3, at 2; ECF 4.) The original complaint was dismissed because courts "may only review a 'final decision of the Commissioner of Social Security made after a hearing.'" (ECF 3, at 2 (quoting 42 U.S.C. § 405(g).) And Thomas did not allege that he had made it through Social Security's required "four-step process" or that he had received a final decision such that he could "obtain review from a federal court." (*Id.* (quoting *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019)).) In fact, his initial complaint's attachments made it appear that he stopped at the first step. (*See id.*)

Nevertheless, the Court provided Thomas an opportunity to "amend his complaint to address the deficiencies" by showing he had "already proceeded through the Social Security Administration's administrative process" or "that he has some legal basis to be excused from doing so." (ECF 3, at 3.) In his amended complaint, Thomas unsuccessfully attempts both.

*The mandatory four-step process*. Thomas attached a letter suggesting he requested a hearing before an Administrate Law Judge, although nothing indicates he has received one yet. (*See* ECF 4-1, at 9.) That moves him farther down the line towards the second step. *See Smith*, 587 U.S. at 476. But it still doesn't show he complied with all *four* steps such that this Court may review a "final decision of the Commissioner of Social Security

made after a hearing." See 42 U.S.C. § 405(g).

*Other legal basis*. Thomas also relies on other portions of federal law to bring his suit, rather than the Social Security Act's judicial-review provision, 42 U.S.C. § 405(g). He points to various provisions of "42 U.S.C. § 1382," which set, among other things, the statutory eligibility standards for supplemental security income. (*See* ECF 4, at 4.) But as this Court pointed out in its last order, the law requires that SSI eligibility determinations be "subject to judicial review as provided in section 405(g) of this title." *See* 42 U.S.C. § 1383(c)(3); *see also Smith*, 587 U.S. at 475 (noting that "§ 405(g) sets the terms of judicial review" for supplemental security income challenges).

That leaves Thomas's statutory citation to "42 U.S.C. § 1983," which rests on even weaker ground. (*See* ECF 4, at 4.) That law provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory*," violates a plaintiff's federal rights. 42 U.S.C. § 1983 (emphasis added). But the defendant here, an unknown "SSA administrator" (ECF 4, at 1), is a federal employee. And "§ 1983 does not provide a basis for suit against federal agents." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 431 n.2 (1993).

Perhaps Thomas intended instead to bring a "*Bivens* action," which is similar to a § 1983 suit but offers a more limited version of the same remedies against federal officers. *See Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) (noting that "[s]o-called '*Bivens* actions' for money damages against federal officers have subsequently been permitted" in limited circumstances). But the Supreme Court squarely rejected "a *Bivens* remedy" for challenges to Social Security benefits decisions. *See id.* at 420. So even if the Court were to recast Thomas's § 1983 claim as a *Bivens* action, it would fail.

After two unsuccessful attempts, it's clear that any further amendments would be futile. *Fidelity Fin. Corp. v. Federal Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) (holding that once "the court has already given the plaintiff an opportunity to amend his complaint" on the same point, the "district court's discretion to deny leave to [further] amend is particularly broad"). Thomas is not foreclosed from challenging these

1  actions once he has a final decision from the Social Security Commissioner. Until then,
2  however, his claim must be **DISMISSED** without prejudice and without further leave to
3  amend. Smith's pending motion for reconsideration (ECF 5) of this Court's prior order is
4  denied as moot. The Clerk is directed to issue a judgment and close this case.

5  Dated:  October 15, 2025

_____
Andrew G. Schopler
United States District Judge